UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>   v.<br><br>DEANZA SQUARE SHOPPING CENTER, L.P., et al.,<br><br>            Defendants. | Case No.  21-cv-07704-SVK<br><br>**ORDER ON MOTION TO STAY**<br>Re: Dkt. No. 38 |

Plaintiff Scott Johnson filed this lawsuit on October 1, 2021, alleging that barriers at a restaurant owned by Defendant Kalika Foods LLC, which is located on property owned by Defendants Deanza Square Shopping Center, L.P. and John T. Vidovich, violate the federal Americans with Disabilities Act ("ADA") and California's Unruh Act. Dkt. 1. The Defendants have each filed an answer to the Complaint. Dkt. 10, 17, and 24. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 11, 20, 25.

Now before the Court is the motion of Defendants Deanza Square Shopping Center, L.P. and John T. Vidovich (collectively, the "Moving Defendants") to stay this case pending the resolution of a case pending in the Superior Court of the State of California for the County of San Francisco, styled *People of the State of California v. Potter Handy, LLP, et al.,* No. CGC-22-599089, 2022 WL 1102496 (the "*Potter Handy* action"). Dkt. 38. This motion is suitable for determination without oral argument. Civ. L.R. 7-1(b). After considering the parties' briefs, the applicable law, and the case file, the Court **DENIES** the motion to stay for the reasons discussed below.

**I.     LEGAL STANDARD**

The Court has the inherent power to stay proceedings before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In considering whether a stay is appropriate, a court may consider the possible damage to the non-moving party if a stay is granted, the hardship or inequity to the

1  moving party if a stay is denied, and "the orderly course of justice measured in terms of the
2  simplifying or complicating of issues, proof, and questions of law which could be expected to
3  result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1992) (citing *Landis*, 299
4  U.S. at 254-55). "Granting a motion to stay is within the sound discretion of the Court." *Calvary*
5  *Chapel San Jose v. Cody*, No. 20-cv-03794-BLF, 2022 WL 1693679, at *2 (N.D. Cal. May 26,
6  2022) (citation omitted).

## II. DISCUSSION

The Moving Defendants argue that this Court should stay this case pending resolution of the *Potter Handy* action in state court. Dkt. 38. As described by the Moving Defendants, the *Potter Handy* action was brought by the District Attorneys for the City and County of San Francisco and the County of Los Angeles, alleging that the law firm of Potter Handy, LLP has violated various state statutes by bringing serial, boilerplate ADA/Unruh Act complaints based on false allegations that the serial-filer plaintiffs personally encountered barriers at the defendant businesses, were deterred or prevented from accessing the business because of the barriers, and intended to return to the businesses after the violation is cured. *See id.* at 6. The Potter Handy firm represents Plaintiff in this case. Plaintiff is one of the serial filers identified in the complaint in the *Potter Handy* action, although he is not a party in that case. *See id.* at 7. According to the Moving Defendants, "Plaintiff's Complaint closely parallels the physical-barrier ADA/Unruh Act complaints at issue in *Potter Handy*." *Id.* at 9.

The Moving Defendants have failed to demonstrate that a stay would serve the interests of judicial efficiency. "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 64 (9th Cir. 1979). The *Potter Handy* case is in its early stages . The complaint in that case was filed on or about April 11, 2022. *See* Dkt. 38-1. In his opposition to the motion to stay, Plaintiff asserts that the complaint in *Potter Handy* has not yet been served (Dkt. 39 at 1), and the Moving Defendants have not refuted that assertion. In arguing that Plaintiff would not be prejudiced by a stay, the Moving Defendants argue that "[c]ourts have found stays of six months to eighteen months to be reasonable and not

2

prejudicial." Dkt. 38 at 11-12 (citing cases).  However, the Moving Defendants have provided no reason to believe that the *Potter Handy* action will be resolved in that timeframe.

Moreover, although the Moving Defendants argue that the *Potter Handy* action will "provide guidance on legal issues presented in Plaintiff's Complaint" (*id.* at 2), they have failed to explain how the various remedies that might be obtained by the District Attorney plaintiffs in the state court action would directly affect this case. None of the Parties in this case are parties in the *Potter Handy* action (although, as noted, the Potter Handy firm represents Plaintiff here).  Thus, it is at best unclear whether allowing the *Potter Handy* action to resolve first would promote judicial economy.

An evaluation of the competing interests of the Parties with respect to a stay weighs slightly in favor of denying a stay.  The Moving Defendants emphasize that this is one of hundreds of ADA cases brought by Plaintiff now pending in this District.  Dkt. 40-2.  However, looking specifically at this case, Plaintiff seeks injunctive relief, not just monetary damages (*see* Dkt. 1), and Moving Defendants have not met their burden to show that Plaintiff would not be harmed if the litigation is delayed.  *See American Motor Co., Inc. v. Coast Distrib. Sys., Inc.*, No. C 06-04752, 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007).  Without a stay, the Moving Defendants will be forced to defend this lawsuit, but "being required to a defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).  Moreover, this case is subject to this District's General Order 56, which "encourage[s] the parties to cooperate to resolve ADA claims quickly and efficiently with minimal cost."  *Johnson v. Reimal Family Ltd. P'ship*, No. 20-cv-01192-WHO, 2021 WL 428631, at *4 (N.D. Cal. Feb. 8, 2021); *see also* Dkt. 5 (Initial Case Management Scheduling Order).  Here, all Defendants have already answered the complaint, and the Moving Defendants acknowledge that the joint site inspection has taken place.  Dkt. 38 at 12.  Thus even if the Moving Defendants' burden of defending the case was a proper consideration, that burden is alleviated given the stage of the case and the General Order 56 procedures.

After weighing the relevant considerations, the Court declines to exercise its discretion to grant an indefinite stay of these proceedings.

3

**III. CONCLUSION**

For the foregoing reasons, the motion to stay is **DENIED.** The deadlines under General Order 56 remain in place.

**SO ORDERED.**

Dated: June 23, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

4